IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELISSA ROSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| THE BOARD OF TRUSTEES OF THE | ) |
| UNIVERSITY OF ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, MELISSA ROSA, by and through her attorneys, The Coffey Law Office, P.C., states as and for her Complaint against Defendant THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, as follows:

**Nature of Case**

1. Plaintiff brings this action against Defendant to recover damages proximately caused by Defendant's hostile work environment, sexual harassment and sexual battery, gender discrimination and retaliatory actions against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. (hereafter "Title VII").[1]

**Jurisdiction and Venue**

2. This Court has original subject matter jurisdiction over Plaintiff's Title VII claim pursuant to 28 U.S.C. §§ 1331 and 1337, and Sections 703(a)(1) and 703 (k)(1)(A) of Title VII, 42 U.S.C. §§ 2000e(a)(1) and (k)(1)(A).

---

[1] Plaintiff expects to file an Amended Complaint as of right pursuant to Rule 15(a) adding additional claims and naming an additional Defendant party.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that Plaintiff is a resident of this District, and Defendant's illegal acts complained of herein took place within the geographical boundaries of this Court's jurisdiction.

4. On or about September 20, 2018, Plaintiff filed a timely charge of illegal harassment, discrimination and retaliation against Defendant in violation of Title VII with the local district office of the EEOC. On September 25, 2018, the EEOC issued its Notice of Right to Sue, a copy of which is attached hereto. This Complaint is being filed within 90 days of Plaintiff's receipt of the EEOC Right to Sue Notice.

5. On or about December 24, 2018, Plaintiff submitted a supplemental charge of illegal harassment, discrimination, and retaliation against Defendant in violation of Title VII to the local district office of the EEOC. The EEOC has yet to issue a Notice of Right to Sue in connection with the supplemental charge.

**The Parties**

6. Plaintiff, Melissa Rosa ("Melissa"), is an individual residing at all relevant times in Chicago, Cook County, Illinois.

7. Defendant, The Board of Trustees of the University of Illinois (the "Board"), is a body corporate and politic established and organized under the laws of the State of Illinois to manage and govern all aspects of the University of Illinois.

8. The Board is an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

9. The Board employees in excess of 500 workers and is thus an "employer" within the meaning of Title VII.

**Facts Common to All Counts**

10.     Melissa started employment with the Board in or around May 2016 in the position of Police Officer in the Board's University of Illinois at Chicago Police Department ("UIC PD").

11.     Melissa's work performance at all times met or exceeded the Board's legitimate expectations.

12.     On October 30, 2015, the Chicago Tribune published a news story about the Waukegan, Illinois Police Department including information about a 2010 arrest involving UIC PD Sgt. Aaron Murauskas when he worked as an officer for the Waukegan PD. The story and accompanying video stated and depicted Sgt. Aaron Murauskas kicking an individual in the face and then stomping on the back on the individual's head after he had been tased and appeared to be giving no resistance. The story then stated that the report submitted by Sgt. Murauskas regarding the incident was not accurate.

13.     In November 2015, the Board received a complaint regarding UIC PD Sgt. Aaron Murauskas from a UIC PD Officer. The Officer complained that Sgt. Murauskas had engaged in numerous acts and omissions that violated the law and/or UIC PD rules, and/or called into questions his fitness for duty including the Waukegan PD incident, an incident of excessive force while he was employed by the UIC PD, occasions where he told officers he wanted to kill himself and "eat his gun," a traffic accident following a Christmas party where he was seen drinking heavily, crying, falling asleep at a bar and harassing another officer's wife, and another incident where he was dishonest in reporting damage to his police squad car.

14. In May 2017, Melissa was subjected to unwelcome sexual flirting and advances by Sgt. Murauskas while he was conducting training for her and other officers.

15. Melissa did not respond to Sgt. Murauskas' offensive sexual harassment.

16. Sgt. Murauskas issued Melissa a write up for being late to training.

17. In early August 2017, Melissa received a notice of infraction for allegedly being out of uniform at roll call.

18. On August 24, 2017, Melissa was at work and out on patrol with Sgt. Murauskas. Sgt. Murauskas was driving and Melissa was seated in the front passenger seat. Sgt. Murauskas began to make a series of offensive, sexually explicit statements to, and some about, Melissa including that he was having problems with his wife, they had not had sex in a while, he knew Melissa didn't have that problem, i.e., "getting fucked," she could "get fucked whenever [she] want[ed]," and "with lips like [hers], [he] knew [she] could suck a really good dick." Sgt. Murauskas then grabbed Melissa's hand and put it on his pants over his groin. He tried to hold it there as Melissa pulled it away. Melissa shouted at him and asked him what he was trying to do. Sgt. Murauskas laughed and told her "to stop acting like [she] had never sucked dick at work before and one more wouldn't kill [her]." Sgt. Murauskas stated that if Melissa didn't do as he demanded, he could have Lt. Huertas write her up and suspend her. Melissa was shaking and told him to stop and absolutely not. She told him never talk to her like that again and to drop her off at the station. Sgt. Murauskas interrupted her and stated that she was not going anywhere. As Melissa started to tear up, Sgt. Murauskas stated that if she told anybody what happened, he would make sure she was fired.

19. While in the patrol car on August 27, 2017, Sgt. Murauskas also told Melissa that others who he believed attacked him or reported him in the past wound up in a bad situation. He specifically pointed out another UIC PD officer who had complained about him in November 2015, and stated that command staff including Lt. Huertas had facilitated and/or participated with him in dismissing the complaint and suspending the complaining officer.

20. In September 2017, Melissa received another disciplinary notice for alleged failure to perform assigned duties.

21. Also in September 2017, Melissa received a Pre-Disciplinary Action Meeting Notice related to the August out of uniform allegation. In October, she was suspended for 5 days because of this alleged rule violation.

22. In December 2017, Sgt. Murauskas stated to Melissa that the color of her hair was purple falsely implying it was in violation of department rules. A short time later, as Melissa passed Sgt. Murauskas in the hallway alone, he smirked at her and told her that she could still do it anytime and not have to worry about all the write-ups.

23. In January 2018, Melissa made a formal complaint of battery, criminal sexual abuse, official misconduct, and sex harassment against Sgt. Murauskas with the Board.

24. The Board failed to criminally investigate Melissa's complaint or refer it to another law enforcement agency to criminally investigate.

25. The Board instead directed its "Office of Access and Equity" to investigate.

26. The Board's OAE proceeded to perform a biased, inadequate, sham investigation including, but not limited to failing to interview relevant witnesses, failing to

ask logical questions or follow-up on relevant information uncovered, and inaccurately reporting information provided by witnesses that supported Melissa's complaints.

27. Melissa asked one of the OAE investigators about filing a charge with the EEOC, and was told that filing a complaint with the EEOC would not help her situation.

28. In late February 2018, while Melissa was at work returning equipment in the basement, she encountered Sgt. Murauskas who locked his eyes on her and stared her down in a very intimidating manner that froze Melissa in her tracks. Sgt. Murauskas' eyes were filled with anger; he looked like he wanted to hurt Melissa. Melissa immediately reported this incident to OAE.

29. In March 2018, the OAE issued its findings that Sgt. Murauskas did not violate Respondent's Sexual Misconduct Policy and did not create a sexually harassing hostile work environment.

30. Subsequently, Melissa has been subjected to further, continuing discrimination, harassment and retaliation because of her gender and/or legally protected activity including but not limited to, denied training, denied transfer to a position she was qualified for and desired, issued unwarranted discipline, and baselessly sued in the Circuit Court of Cook County by Sgt. Murauskas (Case #2018 M1 013843) for claimed defamation based on her legally protected January 2018 complaint.

**Count I: Hostile Work Environment in Violation of Title VII**

31. Melissa restates and fully incorporates into Count I her allegations set forth in Paragraphs 1 through 30, above.

32. Title VII makes it unlawful for an employer such as the Board to discriminate against an employee such as Melissa with respect to her compensation, terms, conditions and/or privileges of employment because of her sex, because she complained about sex harassment and/or discrimination, and/or because she further complained about her employer's lack of adequate or reasonable response to such complaints. 42 U.S.C §2000e-2(a)(1).

33. Title VII also makes it unlawful for an employer such as the Board to limit, segregate, or classify an employee such as Melissa in any way that would deprive or tend to deprive her of employment opportunities, or otherwise adversely affect her status as an employee because of her sex, because she complained about sex harassment and/or discrimination, and/or because she further complained about her employer's lack of adequate or reasonable response to such complaints. 42 U.S.C §§ 2000e-2(a)(2).

34. By its acts and omissions as described above, the Board subjected Melissa to a hostile and offensive work environment because of her sex and/or protected complaints, including Sgt. Murauskas' sexual abuse and battery of her.

35. As described above, the Board's failure to take proper remedial or preventative action in response to Melissa's complaints contributed to the abusive and offensive hostility of the workplace including causing and/or impliedly authorizing Sgt. Murauskas to file a retaliatory and legally frivolous defamation lawsuit against Melissa.

36. The above-described harassment was severe and pervasive and created both a subjective and objectively abusive, intimidating and hostile work environment that significantly impeded Melissa's ability to perform her job duties and caused her severe mental and emotional injury and apprehension.

37. As a direct and proximate result of the Board's illegal sex and/or retaliatory harassment as described above, Melissa has suffered and continues to suffer severe mental and physical pain and anguish and other pecuniary and non-pecuniary damages.

## Count II: Sex Discrimination in Violation of Title VII

38. Melissa restates and fully incorporates into Count II her allegations set forth in Paragraphs 1 through 33, above.

39. The Board took the above-described acts and omissions against Melissa because of her sex in violation of Title VII.

40. On information and belief, and as described above, the Board has not disciplined to similarly-situated male employees who engaged in as serious or more serious rule violations.

41. As a direct and proximate result of the Board's illegal sex discrimination described above, Melissa has suffered and continues to suffer severe mental and physical pain and anguish and other pecuniary and non-pecuniary damages.

**Count III: Retaliation in Violation of Title VII**

42. Melissa restates and fully incorporates into Count II her allegations set forth in Paragraphs 1 through 33, above.

43. Title VII makes it unlawful for an employer to retaliate against an employee because she has reported and/or opposed what they in good faith believe to be illegal sex harassment and/or discrimination. 42 U.S.C §2000e-3(a).

44. As described above, Melissa's complaints to the Board were protected activity under Title VII.

45. The Board took the above-described acts and omissions against Melissa including a causing and/or impliedly authorizing Sgt. Murauskas to file a retaliatory and legally frivolous defamation lawsuit against her because of her protected activity in violation of Title VII.

46. The Board has treated similarly-situated, non-complaining employees more favorably than Melissa.

47. As a direct and proximate result of the Board's illegal sex discrimination described above, Melissa has suffered and continues to suffer severe mental and physical pain and anguish and other pecuniary and non-pecuniary damages.

**Prayer for Relief (as to all Counts)**

**WHEREFORE**, Plaintiff, MELISSA ROSA, respectfully requests that this Court enter judgment in her favor and against Defendant THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, including an award of compensatory damages in the maximum amount allowable under the law, payment of her costs incurred in bringing this action, including, but not limited to, expert witness fees and reasonable attorneys' fees, try all issues of fact to a jury, and grant such other relief as authorized by Title VII and the Court deems just.

    Respectfully submitted,
    Plaintiff, MELISSA ROSA,

    By: /s/ Timothy J. Coffey
    Timothy J. Coffey, Esq.
    THE COFFEY LAW OFFICE, P.C.
    Attorneys for MELISSA ROSA
    1805 North Mill Street, Suite E
    Naperville, IL 60563
    (630) 326-6600
    tcoffey@worker-law.com